IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv79

| | |
|---|---|
| GREGORY GRANT, M.D., )<br>BENJAMIN FANN, M.D., and )<br>DAVID HAYES, M.D., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ADVENTIST HEALTH SYSTEM )<br>SUNBELT HEALTH CARE )<br>CORPORATION d/b/a Park )<br>Ridge Hospital a/k/a Fletcher )<br>Hospital, Incorporated, PARK )<br>RIDGE MEDICAL ASSOCIATES, )<br>and DOE PHYSICIANS 1 )<br>through 30, )<br>)<br>Defendants. )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | MEMORANDUM OF DECISION<br>AND<br>ORDER |

**THIS MATTER** is before the Court on the Defendant Fletcher Hospital Incorporated's Motion to Dismiss [Doc. 11] and the Amended Motion to Dismiss [Doc. 17] of the Defendant Fletcher Hospital Incorporated (Fletcher).

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was

1

designated to consider the motion and to submit recommendations for its disposition.[1]  On July 28, 2009, the Magistrate Judge filed an Amended Memorandum and Recommendation in which he recommended that the motion to dismiss be granted.  [Doc. 28].  The Plaintiff filed timely objections to portions of that recommendation.  [Doc. 29].

## PROCEDURAL HISTORY

On February 24, 2009, the Plaintiffs initiated this action alleging that the Defendant Fletcher was engaged in antitrust activities in violation of the Sherman Act, 15 U.S.C. §§1, *et. seq.*, was involved in a federal civil rights conspiracy and had committed various state law torts. [Doc. 1].  The Plaintiffs, who are practicing physicians, claim that they were subjected to bad faith professional peer reviews by Fletcher resulting in the revocation and/or restriction of their hospital privileges.[2] [Id.].  According to the Complaint, the motive for the revocation and/or restriction of privileges was to allow physicians employed by a wholly-owned subsidiary of the hospital to take over the Plaintiff's patient base and ultimately, to allow Fletcher to monopolize the

---

[1]Although both an original and amended motion were filed, the parties and the Magistrate Judge treated the amended motion as superseding the original motion. [Doc. 22; Doc. 28; Doc. 29].

[2]Plaintiff Fann sought administrative review but neither of the other two plaintiffs did so. [Doc. 1, at 5].

field of obstetrical medicine in the Hendersonville area. [Id., at 5-7].

Fletcher moved to dismiss for failure to state claims upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)). [Doc. 17]. In response to that motion, the Plaintiffs admitted that four claims should be dismissed: (1) the claim pursuant to 42 U.S.C. §1981; (2) the claim pursuant to 42 U.S.C. §1985; (3) the state law claim for tortious inteference with present and future contractual advantages and relationships; and (4) the common law claim for conversion. [Doc. 22, at 1].

The Magistrate Judge recommended the following:

1. that Fletcher be substituted as the real party defendant for Adventist Health System Sunbelt Health Care Corporation d/b/a Park Ridge Hospital a/k/a Fletcher Hospital, Incorporated and Park Ridge Medical Associates;

2. that the Doe Physicians 1 through 30 be dismissed from this action for lack of service or proof of service within the time provided by Federal Rule of Civil Procedure 4(m);

3. that the Amended Motion to Dismiss [Doc. 17] be granted as to the federal claims which should be dismissed pursuant to Rule 12(b)(6); and

4. that the Amended Motion to Dismiss [Doc. 17] be granted as to the remaining supplemental state law claims which should be dismissed without prejudice pursuant to 28 U.S.C. §1367(c);[3] and, in the alternative, that the state law claims be dismissed pursuant to Rule 12(b)(6).

[Doc. 28].

The Plaintiffs have objected to discrete portions of the Memorandum and Recommendation. They first argue that the Magistrate Judge applied the incorrect standard to a motion to dismiss pursuant to Rule 12(b)(6). They urge this Court to allow them to dismiss this lawsuit without prejudice to allow re-filing in state court. In the alternative, the Plaintiffs ask that the remaining supplemental state law claims be dismissed without prejudice so that they may pursue relief in state court.

The Defendant did not file any objections to the Memorandum and Recommendation. [Doc. 30]. It does, however, urge the Court to dismiss the supplemental state law claims with prejudice. [Id.].

---

[3]That statute provides that "district courts may decline to exercise supplemental jurisdiction over [state law] claim[s] ... if ... the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. §1367(c)(3).

4

## STANDARD OF REVIEW

The District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §636(b)(1)(C).  The district judge may accept, reject, or modify the findings or recommendations and may, but is not required to, receive further evidence.[4]  Id.

A party objecting to a Magistrate Judge's Memorandum and Recommendation "must specifically identify the portions of the [Memorandum] and Recommendation to which objections are made and the basis for such objections."  Thomas v. Westinghouse Savannah River Co., 21 F.Supp.2d 551, 560 (D.S.C. 1997).  "Frivolous, conclusive or general objections need not be considered by the district court."  Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), *overruled on other grounds* Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996).

> A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this

---

[4] Since this matter is before the Court on a motion pursuant to Rule 12(b)(6), which only pertains to the sufficiency of pleadings, there is no evidentiary issue before the Court, and thus no further evidence was or could have been presented.

context.

Suntrust Mortgage, Inc. v. Busby, 651 F.Supp.2d 472, 476 (W.D.N.C. 2009), *quoting* Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004).

To the extent that a party asserts claims in the objections which were not asserted in support of or in opposition to the motion, *de novo* review is not warranted. Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997)(claims cannot be raised for the first time in objections to a memorandum and recommendation); Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). This Court therefore does not conduct a *de novo* review of those portions of the Memorandum and Recommendation to which non-specific objections have been filed. Nor will it conduct a *de novo* review of issues which were not raised before the Magistrate Judge.

Where no objection has been raised, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), *certiorari denied* 546 U.S. 1091, 126 S.Ct. 1033, 163 L.Ed.2d 855 (2006), *quoting* Fed.R.Civ.P. 72, Advisory Committee note.

## DISCUSSION

**Those portions of the Memorandum and Recommendation to which no objections were made.**

As noted, the Plaintiffs did not oppose the Defendant's motion to dismiss the claims pursuant to 42 U.S.C. §§1981 & 1985, the state law claim for tortious interference with present and future contractual advantages and relationships, and the common law claim for conversion. As a result, those claims are dismissed with prejudice.

The parties also did not object to the Magistrate Judge's conclusion that the real party defendant is Fletcher and that the Doe Physicians should be dismissed from the action. Having satisfied itself that "there is no clear error on the face of the record," the Court accepts those recommendations. Diamond, 416 F.3d at 315. Fletcher is substituted as the real party Defendant and the Doe Physicians 1 through 30 are dismissed from the action.

Concerning the Sherman Act claims, the Plaintiffs' objection is limited to the Magistrate Judge's discussion of the Section 1 claim for conspiracy in restraint of trade. [Doc. 29, at 3-6]. They do not object to the recommendation that the Section 2 claim for monopolization be dismissed. Again, the Court has satisfied itself that there is no clear error on the record and this recommendation is accepted.

**The Magistrate Judge's Application of the Rule 12(b)(6) Standard**

The Plaintiffs assign error to the Magistrate Judge's citation to the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), because that was "a case decided at the summary judgment stage after extensive discovery." [Doc. 29, at 2]. They also note that although "Twombly has changed the landscape, it would be more appropriate to analyze Defendant's Rule 12(b)(6) motion according to principles derived from cases which shared the same procedural posture (pleadings) as that now under consideration." [Id.]. The case suggested is Wuchenich v. Shenandoah Memorial Hospital, 215 F.3d 1324 (4th Cir. 2000), an unpublished case decided prior to Twombly.

The Court first notes that the Plaintiffs cited Twombly as the correct standard in their response to the motion to dismiss. [Doc. 22, at 2]. As a result, this is technically an issue raised for the first time in the objections and *de novo* review is not required. Price v. Dixon, 961 F.Supp. 894.

Plaintiffs are nonetheless incorrect in their assertion that Twombly was decided at the summary judgment stage. In Twombly, the district court, in ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), dismissed the complaint alleging Sherman Act violations because

8

"the allegations of ... the defendants' actions, taken by themselves, are not sufficiently probative, *on a motion to dismiss*, of conspiratorial intentions that would support a finding of antitrust-law violations." Twombly v. Bell Atlantic Corp., 425 F.3d 99, 104 (2nd Cir. 2005), *discussing* Twombly, 313 F.Supp.2d 174, 179-82, 184, 189 (S.D.N.Y. 2003) (emphasis provided; history omitted). On appeal, the Second Circuit reversed the District Court because it had "appl[ied] this Circuit's case law with respect to Sherman Act claims at the summary judgment stage" and by so doing, had increased the burden of pleading beyond that specified in Fed.R.Civ.P. 8 which requires only a "short and plain statement of the claim." Twombly, 425 F.3d at 104-05. The Supreme Court reversed the Second Circuit and reinstated the standard adopted by the District Court; thus, changing the "landscape" as applied to Rule 12(b)(6) motions. This Court therefore rejects the Plaintiffs' contention that Twombly should not apply because it was not in the same procedural posture as this case. As noted in Twombly,

> [t]his case presents the ... question of *what a plaintiff must plead in order to state a claim* under §1 of the Sherman Act. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

> "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). In applying these general standards to a §1 claim, [the Supreme Court] h[e]ld that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. ... [A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice.

Twombly, 550 U.S. at 555-56 (citations omitted). Thus,

> [a]t least for the purposes of adequate pleading in antitrust cases, the [Supreme] Court specifically abrogated the usual "notice pleading" rule, found in Federal Rule of Civil Procedure 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."

Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 n.5 (9th Cir. 2008).

The Fourth Circuit has embraced the Twombly standard and announced, in a case brought by a physician against a hospital challenging the suspension of his privileges, that in order

> [t]o survive a Rule 12(b)(6) motion, "[f]actual allegations must be strong enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." [T]he court "need not accept the [plaintiff's] legal

10

conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir. 2009), *quoting* Twombly, 550 U.S. at 570 (other citations omitted).

Despite the clear language of these cases, the Plaintiffs' argue that the "any set of facts" standard is appropriate in this case and conclude that "the court should be governed by Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" [Doc. 29, at 3]. The Court finds that it would be clear error to adopt the standard of review urged by the Plaintiffs and dismisses this objection.

The Plaintiffs have not made an objection to the recommended dismissal of the Section 1 Sherman Act claim. [Doc. 29, at 2] (noting specific objections). They did make an ambiguous statement that because the Magistrate Judge adopted the wrong standard, his recommendation that the restraint of trade claim be dismissed is wrong. As noted, the correct standard was applied by the Magistrate Judge.

Although the Plaintiffs failed to object to the recommendation that this claim be dismissed, the Court concludes that the Magistrate Judge correctly

concluded that the Complaint failed to allege concerted action between two distinct persons that imposed an unreasonable restraint on trade. The Plaintiffs stated that the individual physicians employed by Fletcher's wholly-owned subsidiary had independent and competing interests which rendered them distinct from Fletcher. [Doc. 29, at 5]. The Fourth Circuit, however, has rejected this argument.

> "Proof of concerted action requires evidence of a relationship between at least two legally distinct persons or entities." Thus, it is perfectly plain that an internal "agreement" to implement a single, unitary firm's policies does not raise the antitrust dangers that §1 [of the Sherman Act] was designed to police. The officers of a single firm are not separate economic actors pursuing separate economic interests, so agreements among them do not suddenly bring together economic power that was previously pursuing divergent goals. Moreover, "§1 is not violated by the internally coordinated conduct of a corporation and one of its unincorporated divisions." "For similar reasons, the coordinated activity of a parent and its wholly-owned subsidiary are legally "incapable of conspiracy with each other for purposes of §1 of the Sherman Act."

American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 223 (4th Cir. 2004), *certiorari denied* 543 U.S. 979, 125 S.Ct. 479, 160 L.Ed.2d 356 (2004), *citing* Okasanen v. Page Memorial Hospital, 945 F.2d 696 (4th Cir. 1991), *certiorari denied* 502 U.S. 1074, 112 S.Ct. 973, 117 L.Ed.2d 137 (1992) (other citations omitted). To the extent the Plaintiffs claim the physician employees of the subsidiary had an independent financial stake in

depriving the Plaintiffs of their hospital privileges, they have not alleged that those physicians had any control over the hospital's decisions concerning privileges. Id., at 224-25.

In fact, the Plaintiffs concede defeat as to the Sherman Act claims by acknowledging in the objections that they "have not sought to amend their complaint to salvage any of their federal claims (which they readily recognize as an option, but do not intend to pursue)[.]" [Doc. 29, at 6]. The Court therefore finds that the Plaintiffs failed to raise any objection to the recommended dismissal of either of the Sherman Act claims. The Court concludes that dismissal should be granted.

**The Magistrate Judge's Alternative Recommendation Regarding Dismissal of the State Law Claims for Failure to State a Claim**

The Magistrate Judge recommended that supplemental jurisdiction be declined and the state law claims be dismissed without prejudice. By statute, a district court may decline to exercise supplemental jurisdiction over state law claims when all claims over which it has original jurisdiction are dismissed. 28 U.S.C. §1367(c)(3). Neither party has objected to this recommendation and the Court finds that it should be accepted.

> [T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished. Among the factors that inform this

discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.

Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (citations omitted).

This case is in its earliest stages; no answer has been filed and discovery has not commenced. When the only federal claims are dismissed early in the litigation, a federal court has a "powerful reason to choose not to continue to exercise jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Continuing the case here is no more convenient or fair to the parties than allowing a state court action to go forward. Daly v. Zobel, 311 Fed.Appx. 565 (4th Cir. 2008). From the standpoint of federal judicial economy, however, allowing state law claims to proceed in state court is more economical. Cahill, 484 U.S. at 351-52. The Court will therefore dismiss the state law claims without prejudice to refiling in state court. See, 28 U.S.C. §1367(d).

## ORDER

**IT IS, THEREFORE, ORDERED** that Fletcher Hospital, Incorporated is hereby **SUBSTITUTED** as the real party defendant for Adventist Health System Sunbelt Health Care Corporation d/b/a Park Ridge Hospital a/k/a Fletcher Hospital, Incorporated and Park Ridge Medical Associates.

**IT IS FURTHER ORDERED** that the Defendants Doe Physicians 1 through 30 are hereby **DISMISSED** for lack of service or proof of service within the time provided by Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that the Defendant Fletcher Hospital Incorporated's Motion to Dismiss [Doc. 11] and the Amended Motion to Dismiss [Doc. 17] of the Defendant Fletcher Hospital Incorporated (Fletcher) is hereby **GRANTED** in part and **DENIED** in part as follows:

1. The Plaintiffs' claims pursuant to 42 U.S.C. §§1981 &1985 are hereby **DISMISSED** with prejudice;

2. The Plaintiffs' state law claims for tortious interference with present and future contractual advantages and relationships and conversion are hereby **DISMISSED** with prejudice;

3. The Plaintiffs' claims based on the Sherman Act, 15 U.S.C. §§1, *et. seq.* are hereby **DISMISSED** with prejudice; and

4. The Plaintiffs' remaining state law claims are hereby **DISMISSED** without prejudice.

Signed: March 25, 2010

Martin Reidinger
United States District Judge